UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: LAWNMOWER ENGINE HORSEPOWER MARKETING AND SALES PRACTICES LITIGATION | Case No. 2:08-md-01999<br><br>Judge Lynn Adelman |
| THIS DOCUMENT RELATES TO:<br>All Actions | |

**ORDER AND JUDGMENT APPROVING GROUP OF SIX SETTLEMENT**

This Court, having considered the Settlement Agreement between Plaintiffs Brian Kruchoski, Harry M. Lynch, Tina C. Willis, Abdallah Bishara, William A. Barta, Kimberly J. Hesse, Scott Friedson, Carl Phillips, John Cardova, Joyce Blaine, Loretta Donahoe, Jeffrey G. Bullis, Alan Dillsaver, John Nemmers, Peter Uhrynowski, Kimberly Schneider, Humberto Gonzalez, Margery Dolan-Keenan, Robert J. Folger, Jason R. Borras, Lori K. Jordan, Jason Catton, Brian Krehmeyer, James Wilson, Joe Azzara, Mark Beebe, R. Scott Edel, John Hammer, Gary Von Den Top, Tracy Murphy, Michael Parker, Ronnie Phillips, Marc Parrone, James Schneider, Jerry L. Dahnke, Kenneth M. McClain, Bryan S. Redding, Daniel E. Doherty, Patrick E. Doherty, Victoria Shaffer, Benjamin M. Keizer, Thomas Raitzer, Carl Rachal, Heidi R.S. Dallal, Kenneth Purce, Timothy J. Wilson, John Jones, Susan Paules, Sol Bear, Sam Hermann, Tom Martinson, Jay Moore, Shaun O'Laughlin, Bradley White, David Winters, Kris Thomas, William Bryant Davis, Gregory W. Dale, Carol Kustes, Robert Troutwine, Roger Weiss, Kenneth J. Doppler, Dave Kastet, Matthew J. Baskerville, Matthew Doppler, Daniel J. Gordon, Micheal L. Neva, Eric L. Hunter, Harold R. Jones, Thomas T. Rohrick, Gina H. Kunesh, William Fritz, Mike Martinez, Duane Christy, Thomas P. Purdy, Kevin Bowen, John S. Weyand,

85813

Mark English, Richard L. Immerman, Mark Spicknall, Robert P. Sweeney, Michael Kattan, Zenola Sherman, Keith W. Whitehouse, David M. Williams, David Tshudy, Jeffrey Wong, Matthew J. Morris, Anthony Baldo, Scott C. Shafer, Ken Zeigler, Mark J. Williams, Craig Horrocks, Christopher Lee, Chris Heerwagen, Mike Kaitfors, Doug Eidahl, Levert Deanes, Phillip A. Hoeker, Don Cornett, Hubert Hart, Adam E. Paulson, Steven Grosz, Richard B. Fowler, Drew L. Harris, Andrew F. Flores, Jr., Christine F. Armstrong, Nicolee Torrey, Michael W. Michel, Ann Tracey, Stanley R. Walster, Susan Barnard, Troy Blodgett, Bryan Perry, John F. Lilly, Marcus Martin, Richard Somes, Rhonda Lemay, Estaban Marvilla, Robert M. Becnel, Amy Crawford, Bert Jacome, Don Barron, Thomas Luckman, Pierre Skelton, Deborah Day, Scott Hinrichs, Sidney Davis, Jesse Crew, Jon Kolka, Robert Wright and Miles Cole ("Settlement Class Representatives") and Defendants (1) Sears, Roebuck and Co., Sears Holdings Corporation, and Kmart Holding Corporation, (2) Deere & Company, (3) Tecumseh Products Company, TecumsehPower Company, and Platinum Equity, LLC, (4) Briggs & Stratton Corporation, (5) The Toro Company, and (6) Electrolux Home Products, Inc., Husqvarna Outdoor Products, Inc. (now known as Husqvarna Consumer Outdoor Products, N.A., Inc.), (collectively "Group of Six Defendants") (the "Group of Six Settlement Agreement"), dated February 24, 2010; having considered all of the submissions and arguments made with respect to the proposed settlement; having certified the following Class for settlement purposes:

> All persons or entities in the United States who, beginning January 1, 1994 up to and including the date when Notice of the Court's entry of an order preliminarily approving this settlement and certifying the Settlement Class is first published, purchased, for their own use and not for resale, a lawn mower containing a gas combustible engine up to 30 horsepower provided that either the lawn mower or the engine of the lawn mower was manufactured or sold by a Defendant.

85813

2

Case 2:08-md-01999-LA   Filed 08/16/10   Page 2 of 7   Document 382

having directed that notice be given to the Class of the proposed settlement and of a hearing (the "Settlement Hearing") to hear and consider any objections from members of the Class and to determine whether the proposed settlement is fair, reasonable, and adequate; having held a Settlement Hearing; and having considered the submissions and arguments made in connection therewith, hereby ORDERS that:

1. The Court has jurisdiction of the subject matter of this litigation. For purposes of resolving the MDL litigation, the Court's approval of the Settlement and the Settlement Class and all other findings herein are made in the *Martinez v. Sears, Roebuck & Co. et al.*, Case No. 2:09-cv-0469-LA (E.D. Wis. May 7, 2009). The Court finds that resolution of the *Martinez* case, because it encompasses all classes alleged in all the other Actions, resolves all Actions in this MDL.

2. Capitalized terms in this Order shall have the same meaning as those in the Group of Six Settlement Agreement.

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Order Preliminarily Approving Group of Six Settlement, Certifying Settlement Class, Appointing Settlement Class Counsel, Directing Notice and Staying Proceedings against the Settling Defendants ("Order of Preliminary Approval").

4. The Court's certification pursuant to Fed. R. Civ. P. 23 of the above-defined Class for settlement purposes in the Order of Preliminary Approval is hereby confirmed.

5. The Class Representatives and Settlement Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Group of Six Settlement and are hereby appointed Settlement Class Representatives and Settlement Class Counsel, respectively.

6. The form, content and manner of notice disseminated to the Class was the best notice practicable under the circumstances, included individual notice to all members of the Class identified through reasonable effort, and constituted due and sufficient notice of the proposed settlement, Settlement Hearing, and related matters. The Notice Plan complied with the Order of Preliminary Approval, the requirements of Fed. R. Civ. P. 23(c) and (e), and applicable standards of due process. Appropriate proof of the mailing of the Postcard Notice and the publication of the Summary Notice has been filed with the Court.

7. Appropriate proof of notice to the United States Attorney General, and the Attorneys General of all the States, the District of Columbia and Puerto Rico, pursuant to 28 U.S.C. § 1715, has been filed with the Court, and more than 90 days have passed since that notice was given.

8. The Court has held the Settlement Hearing, has considered the fairness, reasonableness and adequacy of the proposed Group of Six Settlement.

9. The proposed Group of Six Settlement was reached after extensive investigation of the facts and discovery in this litigation and as a result of vigorous arm's-length negotiations, undertaken in good faith by experienced counsel, and in mediation proceedings conducted by Hon. Edward A. Infante (Ret.).

10. The Court has considered the submissions and arguments of the parties, including among other things, the negotiation of the settlement by counsel experienced in consumer fraud, antitrust and class litigation, the value of an assured recovery coupled with the other monetary settlements reached in this case, the risks presented by protracted and expensive litigation, the judgment of experienced and informed counsel that, under all of the circumstances, the settlement is fair and reasonable, and the fact that the settlement provides for a recovery of $51 million, as well as significant warranty and injunctive relief for the benefit of the Class.

85813

4

11.   The settlement with Group of Six Defendants is a fair, reasonable, and adequate settlement for the Settlement Class, and is hereby accorded final approval pursuant to Fed. R. Civ. P. 23(e), including the plan of distribution set forth in the Group of Six Settlement Agreement.

12.   The Plaintiffs and all other persons within the definition of the Class, with the exception of any persons who requested exclusion from the Class and are listed on the attached Exhibit A, are members of the Class and are bound by the terms and conditions of the Settlement Agreement with Group of Six Defendants.

13.   The members of the Class and all other Releasing Parties are deemed to have released and forever discharged Group of Six Defendants and all other Released Parties from any and all Released Claims.

14.   With respect to Group of Six Defendants, these actions are hereby dismissed with prejudice and without costs to any party.

15.   The foregoing dismissal and all related releases apply only in favor of Group of Six Defendants and the Released Parties and are without prejudice to the claims of Plaintiffs and the Settlement Class against all other Defendants in this litigation, which claims are explicitly preserved by the Settlement Agreement and this Order for Final Judgment.

16.   Settlement Class Members are barred and enjoined from instituting or prosecuting, either directly, representatively, derivatively or in any other capacity, any other action asserting any of the claims released pursuant to the Settlement Agreement and this Order for Final Judgment.

17.   Neither the Group of Six Settlement Agreement nor any act performed or document executed pursuant to the Settlement Agreement: (i) may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any

85813

wrongdoing or liability of any Released Party, or (ii) may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

18. The Group of Six Settlement is in good faith and bars, extinguishes, and discharges claims against Released Parties by Defendants who are not Released Parties for contribution or indemnification under federal and state law; provided, however, that any claim for contribution or indemnity that a Settling Defendant may have against any other Defendant who is not a Released Party is preserved.

19. In the event that the settlement with Group of Six Defendants does not become final and effective in accordance with the terms of the Group of Six Settlement Agreement, then this Order for Final Judgment and all Group of Six settlement-related orders entered and releases given shall become null and void to the extent provided by the Group of Six Settlement Agreement.

20. Without affecting the finality of this Order for Final Judgment, the Court retains jurisdiction over the remainder of the litigation between Plaintiffs and all non-settling Defendants, and the implementation and administration of the settlement, specifically including consideration of any application for an award of attorneys' fees and expenses to Settlement Class Counsel and distribution of settlement funds to members of the Settlement Class pursuant to a plan of distribution approved by the Court.

21. The Court finds pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no just reason for delay and therefore directs that judgment be entered immediately as to Group of Six Defendants.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated August 16, 2010 /s_____
Hon. Lynn S. Adelman, Judge
United States District Court
Eastern District of Wisconsin

85813