UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: LAWNMOWER ENGINE HORSEPOWER MARKETING & SALES PRACTICES LITIGATION

MDL. No. 08–1999

This Document Relates to All Cases

**DECISION AND ORDER**

On August 16, 2010, I granted final approval to five settlement agreements between the plaintiff class and all defendants and awarded attorneys' fees and costs to class counsel, thereby substantially resolving all actions that have been transferred to this court and consolidated for pretrial purposes by the Panel on Multidistrict Litigation. Several objecting class members, as well as defendant Husqvarna Outdoor Products Inc., have appealed my decision. The class representatives have filed motions requesting that I require the objecting class members to post appeal bonds under Federal Rule of Appellate Procedure 7. I consider these motions below.

Federal Rule of Appellate Procedure 7 provides in relevant part that, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The purpose of a Rule 7 bond is to "ensure that the appellee will be paid any costs that are awarded to him if the appellant is unsuccessful on the appeal." 20 James Wm. Moore et al., Moore's Federal Practice § 307.10[1] (3d ed. 2010). Class representatives ask that the bond be set high enough to secure both taxable costs and the costs that will have to be paid to the claims

administrator (Rust Consulting, Inc.) during the time that the appeals are pending.[1]

The parties have not cited, and I have not found, any controlling law from either the Supreme Court of the United States or the Seventh Circuit concerning the circumstances under which a Rule 7 bond should be required. However, the text of the rule indicates that only one element must be met before a bond may be required – namely, that the district court finds a bond "necessary to ensure" payment of costs on appeal. Thus, if the movant points to facts giving rise to a reasonable probability that the appellant will fail to pay any costs taxed by the court of appeals when the appeal is over, the district court should require a bond.

Class representatives argue that there is a risk of nonpayment in the present case because the objecting class members are geographically dispersed and represented by attorneys who are "professional objectors" – that is, attorneys who specialize in objecting to large class-action settlements. However, the geographic location of the objectors does not raise an inference that they will not pay costs on appeal. Further, the fact that the objectors are represented by counsel who specialize in objecting to class-action settlements is not a reason to think that they will shirk their liability for costs on appeal.[2] Indeed, although class representatives point to the actions of these attorneys in other cases, they do not point to a case in which they represented an objector who refused to pay costs taxed against him

---

[1] In their initial briefs in support of their motions, class representatives argued that, in addition to taxable costs and settlement-administration costs, the bond could include class counsel's attorneys' fees as well as the costs attributable to the delay in distributing settlement benefits to class members. However, in their reply briefs, class representatives state that they are not seeking a bond that secures these two categories of costs.

[2] I assume, without deciding, that all objecting class members are represented by lawyers who could be classified as professional objectors.

2

or her on appeal.

Class representatives also suggest that a bond is appropriate because the professional objectors' appeals are meritless. However, the text of Rule 7 does not indicate that the district court should consider the merits of the appeal when deciding whether to require an appeal bond. Nonetheless, the merits of the appeal might be relevant to the risk of nonpayment, in that if the appellant is pursuing a clearly frivolous appeal one might infer that the appellant is abusing the judicial process and thus has no intention of paying any costs taxed on appeal. However, in the present case, there are legitimate issues to pursue on appeal, and for that reason I cannot say that the appeals are meritless. Further, although it is possible that the objectors' true motives are to obstruct the settlement in the hopes of "getting paid to go away," see Vollmer v Selden, 350 F.3d 656, 660-61 (7th Cir. 2003), the evidence in the record does not enable me to find that any objector is pursuing his or her appeal for an improper purpose. Class representatives point to other cases in which district courts found that certain of the attorneys representing the objectors in the present action had objected in bad faith, but I decline to require a bond based on the findings of other judges in other cases.

Accordingly, **IT IS ORDERED** that class representatives' motions for appeal bonds are **DENIED**.

Dated at Milwaukee, Wisconsin this 2nd day of November, 2010.

/s Lynn Adelman

LYNN ADELMAN
District Judge

3